**Dutch C. Higdon, Appellant,**

v.

**Gloria Nelson, Appellee.**
**Decided August 23, 1995**

## OPINION

Before YAZZIE, Chief Justice, CADMAN and *TOLEDO (*by designation), Associate Justices.

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and George A. Harrison, Esq., Farmington, New Mexico, for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

This appeal concerns a claim for child support. The Appellant, Dutch Higdon, was ordered to pay current and back child support to Appellee, Gloria Nelson. Higdon claims that the family court abused its discretion because it failed to accurately calculate the 20% amount of his take home pay for child support. Higdon also claims that the family court's determination of his take home pay resulted in an unlawful modification of its original child support order. The issue of back child support is not part of this appeal.

## I

On April 29, 1992, Nelson filed suit in the Shiprock Family Court to establish paternity and obtain child support from Higdon. The court ordered the parties to take blood tests. The tests confirmed that Higdon was the father of the child.

On January 6, 1994, the court entered an amended final order establishing paternity. In this same order, the court adopted the parties' written stipulation on child support. The relevant terms of the order are these: 1) During the periods when Higdon is employed he shall pay twenty percent (20%) of his take home pay to Nelson for child support; and 2) During periods when Higdon is employed he shall provide proof of earnings to Nelson with copies of monthly pay stubs, yearly tax returns and W-2 statements.

On March 16, 1994, Nelson filed a motion for an order to show cause alleging that Higdon had failed to pay any child support and had failed to provide her with proof of his earnings. Higdon's employment records had to be subpoenaed from his employer by the court.

On May 3, 1994, the family court conducted a hearing to determine whether Higdon had failed to abide by the court's January 6, 1994 order. It took the case under advisement and on May 17, 1994, it issued a judgment and found Higdon in contempt of court. The court found that Higdon had not paid any support and had not provided Nelson with his employment information. The court ordered Higdon to pay Nelson $3,342.45, which represented $2,574.45 for back child support through April, 1994, $500 in attorneys fees, $68.00 for costs and $200 for blood test expenses. On the finding of contempt, Higdon was sentenced to 90 days in jail, which the court ordered suspended once he made the child support payments and kept his employment status current.

The court ordered that Higdon's wage be garnished in the amount of $500 per month — $333.35 to go to current child support and $166.65 for payment on the arrearage.

## II

Higdon claims that the family court abused its discretion when it set current child support at $333.35 per month. Higdon argues that the amount of his salary was inaccurately calculated by the court. Higdon does not dispute that he is ordered to pay 20% of his take home pay as child support. He disputes that amount that the court found as his take home pay.

To successfully challenge the findings of a trial court, an appellant must demonstrate that they are clearly erroneous. This Court gives considerable deference to the family court's exercise of discretion. *Alonzo v. Martine*, 6 Nav. R. 395 (1991); *Help v. Silvers*, 4 Nav. R. 46, 47 (1983). The burden is on Higdon to prove that the family court abused its discretion.

Upon review of the record, we find that the family court made specific findings of fact regarding Higdon's salary, given the evidence introduced before it. Higdon must demonstrate that the court miscalculated his salary after considering the available evidence before it. Higdon cannot make such a showing. The figures that Higdon now presents on appeal were never introduced before the family court, and thus, are extraneous to the record. The record shows that Higdon had an opportunity to present evidence of his salary and refused to do so. In fact, evidence of Higdon's salary had to be subpoenaed from his employer by the court. In addition, Higdon had the opportunity to rebut the evidence presented against him, and again he failed to do so. Higdon's claim that the court inaccurately calculated his salary is therefore without merit.

Higdon then claims that the court abused its discretion in setting $333.35 per month as current child support because his salary fluctuates. This claim fails for the same reasons as discussed above.

Higdon also claims that the court abused its discretion when it unilaterally modified its January 6, 1994 child support order. Higdon cannot point out to this Court what part of the order was modified. The best that Higdon can do is argue

that the family court's 20% figure does not correspond to his own 20% figure of his take home pay. Higdon claims that his 20% figure amounts to $234 a month as opposed to the court's 20% figure of $333.35. Higdon claims that deductions should have been made for his retirement benefits. First, there is nothing in the record to show that the court used a figure other than 20% to calculate the amount of current support. Second, the court reasonably determined Higdon's take home pay using the evidence before it. Finally, deductions for retirement benefits is not an allowable deduction. See *Descheenie v. Mariano*, 6 Nav. R. 26 (1988). Again, all of these figures were arrived at in the presence of Higdon and he failed to object.

Finally, Higdon argues that the combined amount of child support and back child support that has been ordered garnished from his wages ($500) causes him extreme hardship. This argument was not presented to the family court and thus is beyond this Court's scope of review. *Gudac v. Marianito*, 1 Nav. R. 385, 394 (1978).

Higdon has not satisfied the clearly erroneous standard; thus, we find no abuse of discretion by the Shiprock Family Court. The judgment of the Shiprock Family Court is affirmed.